```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


ROY CHESTER ROWE,

             Plaintiff,
                                         CIVIL ACTION
     vs.                                 No. 06-3222-SAC

FRANK K. DENNING, et al.,


             Defendants.



                               ORDER
```

This matter is before the court on a civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner at the Johnson County Adult Detention Center, proceeds pro se. The court grant leave to proceed in forma pauperis.[1]

---

[1] Because plaintiff's institutional records reflect a negative balance in his account, the court does not impose an initial partial filing fee. Plaintiff is advised that he remains obligated to pay the statutory filing fee of $350.00 in this action. The Finance Office of the facility where he is incarcerated will be directed by a copy of this order to collect from plaintiff's account and pay to the clerk of the court twenty percent (20%) of the prior month's income each time the amount in plaintiff's account exceeds ten dollars ($10.00) until the filing fee has been paid in full. Plaintiff is directed to cooperate fully with his custodian in authorizing disbursements to satisfy the filing fee, including but not limited to providing any written authorization required by the custodian or any future custodian to disburse funds from his account.

**Background**

Plaintiff was arrested on May 16, 2006. There is some dispute as to when plaintiff notified authorities that he suspected that he had a broken finger. According to plaintiff, he advised a nurse at the time of his detention (Doc. 1, p. 2); however, a grievance response prepared by Prison Health Services states that authorities were not notified until May 18. The response reflects that on May 19, Dr. Gamble examined plaintiff and ordered an X-ray. The X-ray showed a "slight proximal dislocation" of the finger. (Doc. 1, attach. grievance response dated June 6, 2006.) The response also noted that plaintiff reported the injury occurred some 18 to 20 days earlier, prior to his incarceration. Id.

On May 20, an advanced practice nurse made an unsuccessful attempt to correct the dislocation. Dr. Gamble saw plaintiff again on May 22, and requested an orthopedic consult. The orthopedic appointment was held on June 5, 2006, the first available appointment. Id. On June 20, 2006, plaintiff's finger was reset in a surgical procedure.

In this action, plaintiff alleges the following:
Cts. 1 and 2: He sought medical attention for his finger for four days before receiving attention. He was seen not by an orthopedist but by a nurse, who exacerbated his condition. He

2

was without pain medication for 31 days during a "farmout" transfer to Butler County. The Johnson County Adult Detention Center later referred him to the same nurse who allegedly injured his finger for a blood draw, which plaintiff refused. Ct. 3: Approximately two days after plaintiff filed a grievance on May 27, 2006, he was taken to the same nurse to have blood drawn. Plaintiff claims the nurse was upset by his refusal to undergo the blood draw.

## Discussion

"To state a claim under section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); Northington v. Jackson, 973 F.2d 1518, 1523 (10th Cir.1992). A complaint filed pro se by a party proceeding in forma pauperis must be given a liberal construction. See Haines v. Kerner, 404 U.S. 519, 520 (1972)(per curiam). However, the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf". Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir.1997). Accordingly, such a complaint may be dismissed upon initial review if the claim is frivolous or malicious, fails to state a

3

claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. 1915(e).

Read liberally, plaintiff's claims allege a failure to provide constitutionally adequate medical care for his dislocated finger.

Prison officials violate the Eighth Amendment when they show deliberate indifference to a prisoner's "serious medical needs."  Estelle v. Gamble, 429 U.S. 97, 104 (1976).  This standard requires a showing of more than negligent conduct. Estelle, 429 U.S. at 105-06.  Instead, a prisoner must make a two-part showing by establishing first, that the medical need is "sufficiently serious."  Farmer v. Brennan, 511 U.S. 825, 834 (1994).  A medical need is sufficiently serious "if it is 'one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'"  Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980)(quoting Laaman v. Helgemoe, 437 F.Supp. 269, 311 (D.N.H. 1977)).  Second, the plaintiff must show, subjectively, that the defendant official "[knew] of and disregard[ed] an excessive risk to inmate health or safety."  Farmer, 511 U.S. at 837.  A difference of opinion between the prisoner and prison medical staff concerning the

diagnosis or treatment necessary does not state a constitutional violation.  See Estelle, 429 U.S. at 106-07.

Finally, "a delay in medical care 'only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm.' ··· The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'"  Mata v. Saiz, 427 F.3d 745, 751 (10th Cir. 2005).  See also Hunt v. Uphoff, 199 F.3d 1220, 1224 (10th Cir. 1999)("[d]elays that courts have found to violate the Eighth Amendment have frequently involved life-threatening situations and instances in which it is apparent that delay would exacerbate the prisoner's medical problems").

In this case, the record shows that plaintiff's finger was examined by a physician and X-rayed within three days of his incarceration.  An effort to correct the dislocation was made on the following day, and when that proved unsuccessful, plaintiff received a referral to a specialist.

This course of treatment does not suggest any deliberate indifference on the part of the defendants which might state a cognizable claim for relief.  The plaintiff was given medical attention within a few days of his incarceration, and it appears the injury had been sustained at least two weeks prior to the time he entered custody.  While plaintiff would have preferred

5

an immediate referral to a specialist, it appears the course of treatment offered to him was reasonable and a matter of medical judgment.  See Quaranta v. Davies, 932 F.23d 975 (10th Cir. 1991)(affirming dismissal of action in which prisoner plaintiff alleged unnecessary delay in treating a broken finger).[2]  Compare Oxendine v. Kaplan, 241 F.3d 1272 (10th Cir. 2001)(finding claim stated where prison officials did not consult a specialist until prisoner had lost a portion of a reattached fingertip to decay and suffered considerable pain as a result).

Next, while plaintiff complains that he was not given pain medication,[3] the decision to prescribe medication is a matter of professional judgment.  See Ledoux v. Davies, 961 F.2d 1536, 1537 (10th Cir. 1992)(medication prescribed and referrals to specialists are matters of medical judgment).  That decision does not give rise to a cause of action.

Finally, plaintiff complains of being taken to a jail nurse for treatment a few days after he filed a grievance concerning the same nurse.  It appears plaintiff refused to undergo a blood

---

[2] A copy of this unpublished decision is attached.

[3] Plaintiff's grievances allege both that he was without pain medication for one week, during a farm-out placement in Butler County, Doc. 3, attach. grievance dated 6/30/06; and that he was without pain medication for 31 days, Doc. 1, attach. p. 2.

6

draw by the nurse and that another nurse later drew the blood sample. (Doc. 3, grievance response dated June 6, 2006.) As a prisoner, the plaintiff had no right to demand treatment by a particular nurse. Rather, his right is to receive constitutionally adequate medical care. It appears the plaintiff was advised that he had no right to select which staff member provided medical care, and that the blood draw was successfully performed. Id. Plaintiff was not denied medically necessary care, and he states no claim for relief.

## Conclusion

For the reasons set forth, the court concludes the present matter must be dismissed for failure to state a claim for relief.

IT IS, THEREFORE, BY THE COURT ORDERED plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted. Collection action shall continue pursuant to 28 U.S.C. §1915(b)(2) until he satisfies the fee obligation set out herein.

IT IS FURTHER ORDERED this matter is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted.

IT IS FURTHER ORDERED all other pending motions are denied as moot.

A copy of this order shall be transmitted to the plaintiff and to his custodian.

**IT IS SO ORDERED.**

Dated at Topeka, Kansas, this 31st day of October, 2006.

> S/ Sam A. Crow
> SAM A. CROW
> United States Senior District Judge